# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

———————————————————————— x
                                                    :
WALKER DIGITAL, LLC,                                :
                                                    :
                        Plaintiff,                  :
                                                    :
                                                    :
            v.                                      :     Civil Action No. _____
                                                    :
FACEBOOK, INC.,                                     :
                                                    :     JURY TRIAL DEMANDED
                        Defendant.                  :
                                                    :
                                                    :
———————————————————————— x

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Walker Digital, LLC ("Walker Digital") by way of this Complaint against Defendant Facebook, Inc. ("Facebook") hereby alleges with knowledge with respect to its own acts and upon information and belief with respect to all others:

## JURISDICTION AND VENUE

1.      This is a civil action for infringement of United States Patent No. 5,884,272 ("the Patent") arising under 35 U.S.C. §§ 100, *et seq*., and in particular § 271.

2.      This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. § 1338(a).

3.      This Court has personal jurisdiction over Facebook because it regularly conducts and solicits business in Delaware and derives substantial revenue from goods used or services rendered in Delaware and within this judicial district.

4.      Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b) because Facebook resides in this judicial district pursuant to 28 U.S.C. § 1391(c) and because Facebook has committed acts of infringement in this judicial district.

## PARTIES

5.      Walker Digital is a limited liability corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2 High Ridge Park, Stamford, Connecticut 06905.

6.      On information and belief, Facebook is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1601 S. California Ave, Palo Alto, California 94304.

## FACTUAL BACKGROUND

*Walker Digital and its Patent*

7.      Since 1993, Walker Digital has launched a number of businesses to exploit its in-house developed intellectual property that is now a portfolio consisting of over 500 patents and patent applications.   Walker Digital's founder, Jay Walker, is best known for creating www.priceline.com.  He has also twice been named by the editors of *Time* magazine as one of the 50 most influential business leaders in the digital age, and *Business Week* selected him as one of its 25 internet pioneers most responsible for "changing the competitive landscape of almost every industry in the world."

8.      Walker Digital is in the business of inventing and has never purchased the intellectual property of others.  It does not have to.  Its staff of technology professionals studies human behavior to create new inventions through the use of modern information technology in

various commercial areas such as retail, vending, credit cards, security, gaming, and entertainment.

9.     Three of Walker Digital's employees invented a system and method so that users may more effectively manage and control the release of information about themselves or their identities.

10.     On March 16, 1999, the United States Patent and Trademark Office issued the Patent on that invention to those three Walker Digital inventors.  It is entitled METHOD AND SYSTEM FOR ESTABLISHING AND MAINTAINING USER-CONTROLLED ANONYMOUS COMMUNICATIONS.  A copy of the Patent is attached as Exhibit 1.

11.     Walker Digital, LLC has owned the Patent since at least 2000.

12.     The Patent concerns a system and method to facilitate the sharing of information.

13.     Specifically, the Patent describes how users can manage and control the release of information about themselves or their identities.  Additionally, the Patent shows how such personal information can be disclosed, at once or incrementally, through the use of an authorization request, such as for example, enabling strangers to become friends.

*Facebook's Infringing Product*

14.     Facebook owns and operates the website www.facebook.com.

15.     Facebook launched that website (previously known as www.thefacebook.com) nearly eight years after the Patent was filed, and nearly five years after the Patent was issued by the United States Patent Office.

16.     Facebook calls its website, www.facebook.com, a "social utility."  According to Facebook, its "social utility" helps "people communicate more efficiently with their friends, family and coworkers."

17.    The Facebook website, www.facebook.com, permits users to interact with friends and communities of other individuals, "[g]iving people the power to share and make the world more open and connected."   But the sharing of user information is nonetheless controlled through user selectable "Privacy Settings."   According to Facebook, "[t]he settings you choose control which people and applications can see your information."

18.    The "social utility," like the Patent, "is about sharing.  [The Facebook website's] privacy controls give you the power to decide what and how much you share."

19.    And, like the Patent, once you locate "the person you know and then click on the 'Add as Friend' button . . . [a] friend request will be sent to that person."

20.    Facebook infringes the Patent.

21.    Facebook offers to the public, and to Delaware residents within this judicial district, its "social utility" system through its website www.facebook.com.

## CLAIM FOR RELIEF

### First Count of Infringement Against Facebook

22.    Walker Digital repeats and re-alleges paragraphs 1-21 as if fully set forth herein.

23.    Facebook, through at least its website www.facebook.com, has infringed and is infringing the Patent, literally or under the doctrine of equivalents, because it makes and uses the invention of one or more claims of the Patent.

24.    As a direct and proximate result of Facebook's acts of infringement, Walker Digital has been, is being, and will be damaged.  Consequently, Walker Digital is entitled to compensation for its damages from Facebook under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained at trial.

## PRAYER FOR RELIEF

WHEREFORE, Walker Digital respectfully asks the Court for the following relief:

(i)    A judgment declaring that Facebook has infringed the Patent as alleged herein;

(ii)   A judgment and order awarding Walker Digital damages under 35 U.S.C. § 284;

(iii)  A judgment and order granting supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed;

(iv)   A judgment and order awarding Walker Digital pre-judgment and post-judgment interest on the damages awarded;

(v)    Such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Walker Digital requests a trial by jury on all issues so triable.

Dated: November 24, 2010

*/s/ Richard K. Herrmann*
Richard K. Herrmann (#405)
Kenneth L. Dorsney (#3726)
Mary B. Matterer (#2696)
Amy A. Quinlan (#3021)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
rherrmann@morrisjames.com
Phone:   (302) 888-6800
Fax:     (302) 571-1750

*Attorneys for Plaintiff Walker Digital, LLC*